**NOT FOR PUBLICATION**

FILED

OCT 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30247 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00477-MO-1 |
| v. | |
| MICHAEL BACKLUND, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted August 26, 2014
Seattle, Washington

Before: WARDLAW, GOULD, and CHRISTEN, Circuit Judges.

Michael Backlund appeals his conviction for unauthorized residence in the

Umpqua National Forest in violation of 36 C.F.R. § 261.10(b), contending that the

Forest Service acted arbitrarily and capriciously or contrary to law when it

determined that year-round residency on National Forest System land was not

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reasonably incident to his mining activities. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's rejection of Backlund's collateral attack on the Forest Service's determination.[1]

1. The district court did not err in reviewing the Forest Service's informal adjudication, 5 U.S.C. §§ 554(a), 551(4), under Administrative Procedure Act (APA) § 706(2)(A) (arbitrary and capricious standard), rather than APA § 706(2)(F) (de novo review). De novo review is proper only "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate" or "when issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 97, 105 (1977). Here, the Forest Service adjudicated Backlund's application for a special use authorization, and its factfinding procedures, though informal, were adequate.

As we said in *Backlund I*, "the rules provide for meaningful administrative review of Forest Service decisions relating to use and occupancy of National Forest System lands." 689 F.3d at 997. The Forest Ranger was required to discuss with

---

[1] The parties are familiar with the facts and law, including our decision on Backlund's first appeal, *United States v. Backlund* (*Backlund I*), 689 F.3d 986 (9th Cir. 2012), and we will repeat them here only as necessary for our decision.

Backlund any concerns she had with his application "to the extent practicable and consistent with the public interest." 36 C.F.R. § 251.93 (2012), *amended by* 78 Fed. Reg. 33705 (June 5, 2013). Further, prompt written notice of the Ranger's decision was issued, and the decision was subjected to two levels of administrative review, *id.* §§ 251.84, 251.87(c), *amended by* 78 Fed. Reg. 33705, in which Backlund participated and for which written decisions explaining the factual determination and legal conclusions were issued. Though, as Backlund argues, the Forest Service is not charged with administering the Mining Law of 1872, 30 U.S.C. § 26, it did not do so here. Rather, it exercised its long established authority to regulate mining in the national forests under the Organic Administration Act. 16 U.S.C. §§ 478, 551; *see, e.g.*, *Pub. Lands for the People, Inc. v. U.S. Dep't of Agric.*, 697 F.3d 1192, 1197 (9th Cir. 2012) ("Over a century ago, Congress granted the Forest Service broad authority to regulate access to mining claims on National Forest Service lands."), *cert. denied*, 133 S. Ct. 1464 (2013); *United States v. Richardson*, 599 F.2d 290, 295 (9th Cir. 1979) (upholding the Department of Agriculture's authority to regulate unpatented mining in national forests).

2. The district court did not err in concluding that the Forest Service's rejection of Backlund's application for year-long residency was not arbitrary and

3

capricious or contrary to law, based on the entire record before it.[2]  The Forest

Service allowed Backlund to live on National Forest System land from May 20 to

November 30 each year, during the State of Oregon's permitted dredging season.

However, the Forest Service concluded that onsite residency was not reasonably

incident to mining for the remainder of the year because the sluice boxes and pans

used by Backlund outside of the dredging season were portable and could be

removed daily, and because the mining claim was not remote.  In addition, to the

extent that some equipment was more difficult to transport on a daily basis, the

Forest Service approved Backlund's use of the existing storage trailer.  The Forest

Service's limit on residency outside of the dredging season struck a balance

between "the important interests involved." *United States v. Doremus*, 888 F.2d

630, 632 (9th Cir. 1989) (internal quotation marks omitted).  Based on the

evidence before the Forest Service, we cannot conclude that its determination that

residency would be allowed only during the permitted suction dredging time period

was arbitrary and capricious or contrary to law.  *See Barnes v. U.S. Dep't of

Transp.*, 655 F.3d 1124, 1132 (9th Cir. 2011) (citing *Siskiyou Reg'l Educ. Project

v. U.S. Forest Serv.*, 565 F.3d 545, 554 (9th Cir. 2009)).

---

[2] Thus we need not reach the government's objections to the district court's admission of the Linda and Michael Backlund and Kitchar affidavits.

We reject Backlund's contention that the Forest Service failed to consider relevant factors in reaching its conclusion. The Forest Service has never disputed the validity of Backlund's mining claim and therefore did not need to consider whether his claim was in good faith. *See United States v. Bagwell*, 961 F.2d 1450, 1453 (9th Cir. 1992). The doctrine of *pedis possessio* is irrelevant: a miner's possessory right as against all other miners, *Union Oil Co. of Cal. v. Smith*, 249 U.S. 337, 346-47 (1919), does not limit the ability of the Forest Service to regulate mining activities in national forests.

3. The district court did not err in concluding that the Forest Service applied the correct legal standard of "reasonably incident." In its 2004 Surface Use Determination Report, the Forest Service analyzed whether Backlund's full-time occupancy was "reasonably incident" to mining activities. The District Ranger referred to this report in June 2007, when she explained that there continued to be "no reasonable justification for permanently living on the site for panning, sluicing or claim maintenance." In affirming the District Ranger's decision, the Deputy Regional Forester also noted that although "in-stream suction dredging, and processing activities are reasonably incident[,] . . . . your right to reasonable occupancy is not without limits." The Forest Service therefore applied the standard set forth in 30 U.S.C. § 612(a).

5

4. The administrative record was properly certified. A declaration need only "substantially" comport with the model language set forth in 28 U.S.C. § 1746, *see Commodity Futures Trading Comm'n v. Topworth Int'l Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 2000), and Jonathan Shimkus's declaration met this standard. The declaration set forth Shimkus's personal knowledge of the administrative record as a Litigation Support Specialist for the United States Department of Agriculture, and the statements it included were made under "penalty of perjury."

**AFFIRMED**.